UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

TROY TARTER,                                                                                                          Plaintiff,

v.                                                           Civil Action No. 3:16-cv-P773-DJH

KENTUCKY STATE REFORMATORY *et al.*,                           Defendants.

\* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiff Troy Tarter, a prisoner incarcerated at the Kentucky State Reformatory (KSR), filed a *pro se* complaint under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. The complaint[1] is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, this action will be dismissed.

### **I. SUMMARY OF CLAIMS**

In the complaint, Plaintiff names the following four Defendants in this action: (1) KSR; (2) Aaron Smith, the Warden at KSR; (3) Casey Dowden, a Correctional Officer at KSR; and (3) Randy Orway,[2] also a Correctional Officer at KSR. Plaintiff sues the individual Defendants in both their individual and official capacities.

According to the complaint and documents attached thereto, Plaintiff states that on December 3, 2014, his television was stolen by another inmate. Plaintiff states that the following

---

[1] Plaintiff originally filed his complaint on his own paper (DN 1). Subsequent to the Clerk of Court directing him to resubmit the complaint on the appropriate Court-approved form, Plaintiff completed and filed the complaint on the Court-approved form (DN 5). The Court will review the two documents together and refer to them as the "complaint."

[2] The correct spelling of this Defendant's name is unclear as Plaintiff spelled it "Orway" in his original complaint and "Ordway" on the Court-approved form. The Court will use the "Orway" spelling herein.

day, December 4, 2014, Defendants Dowden and Orway entered Plaintiff's cell to conduct a search for his missing television. On this same date, Defendants Dowden and Orway searched the dorm looking for Plaintiff's television. Plaintiff represents that they located the television in the cell of another inmate. According to Plaintiff, Defendants Dowden and Orway failed to lock up the inmate for stealing Plaintiff's television. Plaintiff states that on December 4, 2014, the inmate who had taken Plaintiff's television assaulted Plaintiff and "Beat the living He** out of Plaintiff." Plaintiff represents that he was taken to the University of Louisville Healthcare Emergency Room for treatment. According to Plaintiff, as a result of the assault, he sustained "a Head injury or a contusion, . . . bruis[ing] all over his body, lower Back injury, right hip and left leg injury."

Plaintiff asserts failure to protect and deliberate indifference claims against Defendants. He seeks monetary relief, protection from assault, and a declaration that the "acts and omissions" described in the complaint violated Plaintiff's rights.

## II. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if it determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d at 604. A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 90 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must

2

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v*. *Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the district court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. LEGAL ANALYSIS

#### A. Kentucky State Reformatory

Title 42, Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere. As such, it has two basic requirements: (1) the deprivation of federal statutory or constitutional rights by (2) a *person* acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). KSR is part of the Kentucky Department of Corrections (DOC). The DOC is a

3

department within the Justice and Public Safety Cabinet of the Commonwealth of Kentucky. *See* Exec. Order No. 2004-730 (July 9, 2004); Ky. Rev. Stat. § 12.250. A state and its agencies, however, are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Crockett v. Turney Ctr. Indus. Prison*, No. 96-6067, 1997 WL 436563, at *1 (6th Cir. Aug. 1, 1997) ("The prison is a state agency . . . . A state agency is not considered a 'person' subject to suit under 42 U.S.C. § 1983."). Because KSR is not a "person" under the Act, the Court will dismiss the claims against KSR for failure to state a claim upon which relief may be granted.

Additionally, the Eleventh Amendment[3] acts as a bar to all claims for relief against KSR. A state and its agencies, such as the DOC, may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 78l, 782 (l978). In enacting § l983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d l88, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (l979)).

Accordingly, the Court will dismiss KSR and all claims against KSR for lack of subject matter jurisdiction.

---

[3] "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "While the Amendment by its terms does not bar suits against a State by its own citizens, [the Supreme Court] has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

### B. Official-Capacity Claims against Defendants Smith, Dowden, and Orway

The official-capacity claims for damages against Defendants Smith, Dowden, and Orway will be dismissed on two bases. First, Defendants, as state officials and employees sued in their official capacity for damages, are absolutely immune from § 1983 liability under the Eleventh Amendment to the United States Constitution. *Will v. Mich. Dep't of State Police*, 491 U.S. at 71; *see also Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."). Second, these Defendants are not "persons" subject to suit within the meaning of § 1983 when sued in their official capacity for monetary damages. *Will v. Mich. Dep't of State Police*, 491 U.S. at 71 (concluding that a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered persons for the purpose of a § 1983 claim*)*; *Burrell v. Sumner*, No. 97-3705, 1998 WL 786979, at *1 (6th Cir. Oct. 29, 1998) (finding that state employees sued in their official capacity are not persons who may be sued for damages under § 1983).

Consequently, the § 1983 official-capacity claims for monetary damages against Defendants Smith, Dowden, and Orway must be dismissed.

### C. Individual-Capacity Claims against Defendant Smith

As to Defendant Smith, Plaintiff states that he has denied all of Plaintiff's efforts to exhaust his administrative remedies to try to solve "the problem." Prisoners do not possess a constitutional right to a prison grievance procedure. *Jones v. N.C. Prisoners' Labor Union*, 433 U.S. 119, 138 (1977) (Burger, J., concurring) ("I do not suggest that the [grievance] procedures are constitutionally mandated."); *Young v. Gundy*, 30 F. App'x 568, 569-70 (6th Cir. 2002) ("A grievance appeal does not implicate the First Amendment right of access to the courts

because there is no inherent constitutional right to an effective prison grievance procedure."); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) (finding that plaintiff's allegation that the institution's grievance procedures were inadequate to redress his grievances did not violate the Due Process Clause and did not "give rise to a liberty interest protected by the Due Process Clause"). "All circuits to consider this issue have . . . found that there is no constitutionally protected due process right to unfettered access to prison grievance procedures." *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). Further, if the prison provides a grievance process, violations of its procedures or its ineffectiveness do not rise to the level of a federal constitutional right. *See Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (stating that "there is no inherent constitutional right to an effective prison grievance procedure") (citing cases); *LaFlame v. Montgomery Cty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (holding that plaintiff's allegation that jail staff ignored the grievances he filed did not state a § 1983 claim "because there is no inherent constitutional right to an effective prison grievance procedure").

As to the other claims raised in the complaint, Plaintiff fails to state any manner in which Defendant Smith was involved in them. "It is axiomatic that a complaint under 42 U.S.C. § 1983 must show a causal connection between the named defendants and the alleged constitutional deprivation; the doctrine of *respondeat superior* has no application thereunder." *Cox v. Barksdale*, No. 86-5553, 1986 WL 18435, at *1 (6th Cir. Nov. 13, 1986) (citing *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) and *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982)). "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the

6

complaint is properly dismissed . . . ." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *see also LeMasters v. Fabian*, No. 09-702 DSD/AJB, 2009 WL 1405176, at *2 (D. Minn. May 18, 2009) ("To state an actionable civil rights claim against a government official or entity, a complaint must include specific factual allegations showing how that particular party's own *personal* acts or omissions directly caused a violation of the plaintiff's constitutional rights.").

Since Plaintiff has no right to a grievance procedure and Plaintiff has failed to connect Defendant Smith to any of the other alleged wrongdoing in this case, the claims against him in his individual capacity will be dismissed.

### D. Statute of Limitations

There is an additional reason that this entire action must be dismissed. Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275-280 (1985), *partially superseded by statute as stated in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 377-80 (2004). Thus, in Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). "[T]he statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action and that a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Id.* at 183 (quoting *McCune v. City of Grand Rapids*, 842 F. 2d 903, 905 (6th Cir. 1988). Though the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint. *Fields v. Campbell*, 39 F. App'x 221, 223 (6th Cir. 2002) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)).

Here, Plaintiff's injury occurred on December 4, 2014. Thus, the statute of limitations began to run on that date. Under the mailbox rule, a prisoner's action is deemed filed on the date it was presented to prison officials for mailing. *Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)); *see also Bowlds v. Dortch*, No. 4:10-CV-P61-M, 2010 WL 2203258 (W.D. Ky. May 26, 2010) (applying the mailbox rule to a civil rights action brought pursuant to 42 U.S.C. § 1983). In the present action, Plaintiff fails to state the date on which he presented his original complaint to prison officials for mailing. He just states December 2016. The envelope in which the original complaint was mailed to the Court is postmarked December 7, 2016. For purposes of argument, the Court will use December 1, 2016, as the date the complaint was filed since this would be the earliest possible date in December that Plaintiff presented the complaint to prison officials for filing. Assuming, without deciding, this earliest possible date, this action was filed well outside the one-year statute of limitations. Thus, this action is barred by the statute of limitations and will be dismissed as being frivolous. *See Dellis v. Corr. Corp. of Am.*, 257 F. 3d 508, 511 (6th Cir. 2001) (indicating that claims barred by the statute of limitations are frivolous).

## IV. **CONCLUSION**

For the reasons stated above, a separate Order will be entered dismissing this action.

Date: April 28, 2017

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
    General Counsel, Justice & Public Safety Cabinet
4415.003